UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MATT P. JACOBSEN,<br><br>  Plaintiff,<br><br>  v.<br><br>HSBC BANK USA, N.A., et al.,<br><br>  Defendants. | Case No. 3:12-cv-00486-MMD-WGC<br><br>ORDER<br><br>(Plf.'s Renewed Motion for Temporary Restraining Order – dkt. no. 28) |

**I.   SUMMARY**

Before the Court is Plaintiff Matt P. Jacobsen's Renewed Verified Emergency Motion for Temporary Restraining Order (dkt. no. 28).  Jacobsen filed the Motion on the eve of the scheduled sale date of his property that is the subject of this suit and after the Court denied his previous temporary restraining order ("TRO") request on November 30, 2012.  (*See* dkt. no. 27.)  Defendants HSBC Bank USA, N.A. and HSBC Mortgage Corporation (USA) (collectively "HSBC") filed their Response the same day.  (Dkt. no. 28.)  In this Motion, he argues that the Court erred by failing to address whether or not Defendant complied with Nevada state law's requirement that an affidavit of authority be recorded alongside any notice of default.  As the Motion requests a reconsideration of the November 30, 2012, Order, the Court construes this second Emergency Motion as a Motion for Reconsideration.

**II.   BACKGROUND**

The relevant details concerning this transaction are summarized in the Court's November 30, 2012, Order.

### III. LEGAL STANDARD

Although not mentioned in the Federal Rules of Civil Procedure, motions for reconsideration may be brought under Rules 59(e) and 60(b). Under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding only in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment. *Stewart v. Dupnik*, 243 F.3d 549, 549 (9th Cir. 2000). *See also De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000) (noting that the district court's denial of a Rule 60(b) motion is reviewed for an abuse of discretion).

A motion for reconsideration must set forth the following: (1) some valid reason why the court should revisit its prior order; and (2) facts or law of a "strongly convincing nature" in support of reversing the prior decision. *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). On the other hand, a motion for reconsideration is properly denied when the movant fails to establish any reason justifying relief. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (holding that a district court properly denied a motion for reconsideration in which the plaintiff presented no arguments that were not already raised in his original motion)). Motions for reconsideration are not "the proper vehicles for rehashing old arguments," *Resolution Trust Corp. v. Holmes*, 846 F. Supp. 1310, 1316 (S.D. Tex. 1994) (footnotes omitted), and are not "intended to give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977).

### IV. DISCUSSION

Jacobsen's Motion is without merit, as he has failed to demonstrate a valid reason as to why the Court should revisit its prior order. He argues that the impending foreclosure sale must be enjoined because HSBC failed to file an affidavit of authority as required by NRS § 107.080(2)(c). While his interpretation of the *current* law's requirements is correct, he fails to appreciate that this requirement arose only after

October 1, 2011.  Under the current rule, effective from October 1, 2011, onwards, a foreclosing entity must record a notice of breach and election to sell which includes a notarized affidavit of authority to exercise the power of sale.

However, the prior rule, effective up until September 30, 2011, did not so require. The Notice of Default issued by Housekey Financial Corporation was executed and recorded on July 27, 2010.  (Dkt. no. 23-F.)  At the time of its execution, the governing version of NRS § 107.080 did not require the recording of an affidavit of authority alongside a notice of default and election to sell.  Accordingly, Housekey and HSBC complied with the statutory provisions of Nevada's foreclosure law, and Jacobsen cannot meet his burden to demonstrate mistake in the Court's November 30, 2012 Order.

**V.   CONCLUSION**

IT IS HEREBY ORDERED that Plaintiff's Emergency Motion for Temporary Restraining Order (dkt. no. 28) is DENIED.

DATED THIS 5th day of December 2012.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE