UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| MATT P. JACOBSEN,<br><br>Plaintiff,<br>v.<br><br>HSBC BANK USA, N.A., et al.,<br><br>Defendants. | Case No. 3:12-cv-00486-MMD-WGC<br><br>ORDER<br><br>(Plf.'s Motion for Reconsideration – dkt. no. 33) |
|---|---|

**I.   SUMMARY**

Before the Court is Plaintiff Matt P. Jacobsen's Motion for Reconsideration of the Court's November 30, 2012 Order (dkt. no. 33). This is the second time Jacobsen has effectively requested the Court to reconsider that Order. Previously, Jacobsen filed an "Emergency Motion," which the Court construed as a motion for reconsideration of the November 30, 2012, Order. (Dkt. no. 28.) That Motion was denied. (Dkt. no. 30.)

**II.   BACKGROUND**

The relevant details concerning this transaction are summarized in the Court's November 30, 2012, Order.

**III.   LEGAL STANDARD**

Although not mentioned in the Federal Rules of Civil Procedure, motions for reconsideration may be brought under Rules 59(e) and 60(b). Under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding only in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly

discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment. *Stewart v. Dupnik*, 243 F.3d 549, 549 (9th Cir. 2000). *See also De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000) (noting that the district court's denial of a Rule 60(b) motion is reviewed for an abuse of discretion).

A motion for reconsideration must set forth the following: (1) some valid reason why the court should revisit its prior order; and (2) facts or law of a "strongly convincing nature" in support of reversing the prior decision. *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). On the other hand, a motion for reconsideration is properly denied when the movant fails to establish any reason justifying relief. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (holding that a district court properly denied a motion for reconsideration in which the plaintiff presented no arguments that were not already raised in his original motion)). Motions for reconsideration are not "the proper vehicles for rehashing old arguments," *Resolution Trust Corp. v. Holmes*, 846 F. Supp. 1310, 1316 (S.D. Tex. 1994) (footnotes omitted), and are not "intended to give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977).

**IV.   DISCUSSION**

Jacobsen's Motion is without merit, as he has failed to demonstrate a valid reason as to why the Court should revisit its prior order. Nor has he provided the Court with facts or law of a "strongly convincing nature" in support of reversing its November 30, 2012, decision. *See Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003).

**V.   CONCLUSION**

IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration (dkt. no. 33) is DENIED.

IT IS FURTHER ORDERED that no further fillings will be accepted in this closed action without leave of the Court. If any party wishes to request leave to file, the

requested document shall be attached to a motion explaining why good cause exists for the Court to give leave.

DATED THIS 22nd day of February, 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

3